**IN THE COURT OF APPEALS OF IOWA**

No. 24-0250
Filed March 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THADDEUS DYLAN USHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clayton County, Laura Parrish, Judge.

        Thaddeus Dylan Usher appeals the sentence imposed by the district court after pleading guilty to stalking and first-degree harassment. **APPEAL DISMISSED.**

        Chris Raker of Alliance Law Office, P.C., East Dubuque, Illinois, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

From September 2022 to April 2023, Usher and the victim were in a romantic relationship. According to the minutes of testimony, after their separation in April until June 2023, Usher harassed the victim, calling her sometimes hundreds of times per day. Usher left the victim detailed voicemails, in which he threatened to "rape [her] ass," "break bones," and "snap [her] fucking neck." Usher made similar threats against the victim's partner and her children, stating he would "have fun" with them. In June 2023, the victim drove to Usher's residence at his request. Once there, Usher did not permit the victim to leave. After Usher raped her twice, the victim managed to escape and eventually report the incidents to law enforcement.

The State charged Usher with count I, third-degree sexual abuse; count II, stalking, a class "D" felony; count III, first-degree harassment; and count IV, false imprisonment. Pursuant to a plea agreement, Usher pled guilty to a lesser-included stalking charge under count II and count III. The court accepted his plea and dismissed counts I and IV.

At the sentencing hearing, both the State and Usher requested an indeterminate term of incarceration not to exceed two years on each count, suspension of both, and placement on probation. The court accepted the recommendation and sentenced Usher as requested. Usher appeals.

A defendant who pleads guilty must show "good cause" to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2023). While good cause may be established by appealing the sentence rather than the plea itself, *see generally State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020), we must dismiss appeals "when the sentence

imposed is . . . the agreed-upon sentence under the plea agreement," *State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023). First, Usher fails to make a "good cause" argument, even though it is his burden to establish good cause exists. *Damme*, 944 N.W.2d at 104; *cf. State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (acknowledging that a defendant "should have discussed section 814.6(1)(a)(3)" in his brief "to show he met the good-cause requirement," but still finding good cause when the issue raised is one for which good cause has been found to exist). Second, Usher not only requested but actually received the two-year suspended sentence the court imposed. Accordingly, we must dismiss this appeal for lack of good cause. *See Estabrook*, 2021 WL 2671954, at *1 (collecting cases where dismissal was required for failure to establish good cause).

**APPEAL DISMISSED.**